UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ALEJANDRO QUINTANILLA, on behalf of himself and all other persons similarly situated,

Plaintiff,

-against-

**COMPLAINT**

PHILIP MARCARIO and P.M. RESTAURANT ENTERPRISES, INC. d/b/a PHIL'S RESTAURANT,

*Class and Collective Action*

Defendants.
--------------------------------------------------------------------X

Plaintiff, ALEJANDRO QUINTANILLA ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Romero Law Group PLLC, complaining of the Defendants, PHILIP MARCARIO ("Marcario") and P.M. RESTAURANT ENTERPRISES, INC. d/b/a PHIL'S RESTAURANT ("Phil's Restaurant," together with Marcario, as "Defendants"), alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 146 ("NYLL"), as well as for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for retaliation under NYLL § 215(1), and any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other similarly situated persons during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings his wage

and statutory claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Collective Action Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff additionally brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable limitations periods who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391. Defendants do business in the State of New York, within the Eastern District of New York.

## PARTIES

7. At all relevant times, Plaintiff was a non-exempt, employee of the Defendants and an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and NYLL § 190(2).

8. Defendant Phil's Restaurant was and still is a domestic business corporation that operates a restaurant located at 1856 Wading River Manor Road, Wading River, New York 11792.

9. At all times relevant, Defendant is engaged in the restaurant business and is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (1) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell,

or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) has and has had an annual gross volume of sales of not less than $500,000.00.

10. At all times relevant, Defendant Phil's Restaurant has "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" as required by the FLSA.

11. Defendant Phil's Restaurant requires the use of a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

12. At all times relevant, Defendant Phil's Restaurant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and NYLL § 190(3).

13. Defendant Marcario is an owner and/or officer of Phil's Restaurant, has authority to make payroll and personnel decisions for Phil's Restaurant, and is active in the day-to-day management of Phil's Restaurant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

14. At all times relevant, Defendants have been, and continue to be, "employers" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. § 203. At all times relevant, Defendants have been, and continue to be, "employers" as defined by 29 U.S.C. § 203(D) and by the NYLL § 190(3).

## STATEMENT OF FACTS

15. Plaintiff was employed by Defendants as a cook from in or about 1999, to on or about November 20, 2025. Plaintiff performed non-exempt duties for the Defendants including preparing and cooking food.

**Overtime Violations**

16. From the beginning of the statutory period until mid-August 2025, Plaintiff was required to work, and did in fact work, six or seven days per week: from 12:00 p.m. until 10:00 p.m. each Monday and Tuesday; from 1:00 p.m. until 10:00 p.m. each Wednesday; and from 7:00 a.m. through 3:00 p.m. each Friday through Sunday. Plaintiff's typical off day was Thursday, but he was often required to work Thursdays to cover other employee's shifts. Thus, Plaintiff regularly worked between approximately fifty-three and sixty-two hours per week or more, and thus, regularly worked in excess of forty hours per week.

17. From mid-August 2025 through the end of Plaintiff's employment, Defendants reduced Plaintiff's hours in retaliation for complaining about his pay, though he still typically worked in excess of forty hours per week.

18. Throughout his employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times his regular rate of pay, for hours worked in excess of forty hours in violation of the FLSA and NYLL.

19. From the beginning of the statutory period through 2024, in exchange for his work, Defendants improperly compensated Plaintiff at a weekly rate of pay of $1,600.00 per week, partly in check and partly in cash, for all hours worked, including those hours worked in excess of forty. When Plaintiff worked an extra day on Thursdays during this period, he was paid at a rate of $30.00 per hour in cash for those extra hours worked.

20. Throughout 2025, in exchange for his work, Defendants improperly compensated Plaintiff at a weekly rate of pay of $1,700.00 per week, partly in check and partly in cash, for all hours worked, including those hours worked in excess of forty. When Plaintiff worked an extra

day on Thursdays during this period, he was paid at a rate of $30.00 per hour in cash for those extra hours worked.

21. Defendants willfully disregarded and purposefully evaded record-keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by Plaintiff and the Collective Action Plaintiffs daily and weekly.

22. Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. § 516.4 and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 § 146-2.4.

23. Defendants failed to pay Plaintiff at an hourly rate of pay, in violation of N.Y.C.R.R. § 146-2.5.

24. Defendants failed to provide Plaintiff with an accurate statement with every payment of wages listing the correct number of regular hours worked and the correct number of overtime hours worked in violation of NYLL § 195(3).

25. By failing to properly detail Plaintiff's actual hours worked each workweek as required by NYLL § 195(3), Defendants caused actual and concrete harm to Plaintiff, who was unable to determine that he had been underpaid his overtime throughout his employment.

26. With no way to know how much he should have been making, Plaintiff worked for over twenty-five years without discovering that he had been underpaid nearly every week.

27. Plaintiff was further harmed by Defendants' failure to provide accurate paystubs along with his pay because by not discovering the underpayments until recently, a significant period of Plaintiff's employment is now beyond the statute of limitations under both the FLSA and NYLL, and thus there are significant unpaid wages that can no longer be recovered.

28. Defendants treated and paid Plaintiff and the putative class and collective action members in the same or similar manner and subjected them to the same corporate-wide payroll practices.

**Retaliation**

29. In or about the last week of August 2025, Plaintiff spoke with Defendant Marcario and requested to be paid at his hourly rate of pay of $30.00 per hour, instead of being improperly paid partially at a weekly rate. Defendant refused Plaintiff's request.

30. Immediately thereafter, Defendants stopped putting Plaintiff on the schedule on Sundays, and Plaintiff's total hours were cut to approximately forty-three to forty-five hours per week.

31. Indeed, after their conversation, Defendant began requiring Plaintiff to work, and he did in fact work from 12:00 p.m. through 10:00 p.m. each Monday, from 12:00 p.m. through 9:00 p.m. each Tuesday and Wednesday, and from 8:00 a.m. through 3:00 p.m. each Friday and Saturday.

32. Plaintiff's hours were further cut on November 13, 2025, when Defendant texted Plaintiff and informed him that his hours would be further reduced to 8:00 a.m. through 1:00 p.m. each Friday and Saturday.

33. On November 20, 2025, Defendant completely removed Plaintiff from the schedule, effectively terminating his employment in retaliation for his complaint that he be paid properly.

## COLLECTIVE ACTION ALLEGATIONS

34. At all relevant times, Plaintiff and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay

provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

35. Plaintiff also brings FLSA claims on behalf of himself and all non-exempt hourly-paid employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises, bussing tables and serving food at any time during the three (3) years prior to the filing of their respective consent forms.

36. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

37. Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

38. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant. These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable

to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LAW

39. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendants as cooks, food preparers, and/or kitchen workers in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

40. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. Upon information and belief, there are more than 40 Class Members who have worked for Defendants in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. Rule 23.

41. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, upon information and belief there are over 40 individuals who are currently, or have been, employed by Defendants in positions at any time during the six (6) years prior to the filing of the initial Complaint.

42. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants failed and/or refused to pay the Plaintiff and Class Members premium overtime compensation for hours worked in excess of forty hours in a single workweek;

(b) Whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statements for each pay period;

(c) Whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime pay was done willfully and/or with reckless disregard of the state wage and hour laws;

(d) Whether Defendants took any active steps to ascertain and comply with the state wage and hour laws regarding their payment of wages to Plaintiff and Class Members;

(e) Whether Defendants failed to keep true and accurate time records for hours worked by Plaintiff and Class Members;

(f) Whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law; and

(g) What was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

43. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All of the Class Members were subject to the same corporate practices of the Defendants. Defendants failed to pay Plaintiff and the Class Members overtime

compensation under the NYLL during workweeks where they worked in excess of 40 hours. Defendants failed to furnish Plaintiff and the Class Members with accurate wage statements in violation of NYLL § 195(3). Additionally, Defendants' failure to timely pay wages earned caused Plaintiff and the Class Members to suffer the same or similar harms.

44. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

45. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

46. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

47. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members,

establishing incompatible standards of conduct for the Defendants. Moreover, the issues in this action can be decided by means of common, class-wide proof.

48. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

49. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

50. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## **FIRST CLAIM FOR RELIEF**
## **FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

51. Plaintiff, Class Members, and the FLSA Collective Action Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendants employed Plaintiff, Class Members, and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff, Class Members, and Collective Action Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

53. Defendants' violations of the FLSA as described in this Complaint have been willful. Therefore, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

54. Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: OVERTIME WAGES**

55. Plaintiff, Class Members, and each FLSA Plaintiff who opts-in to this action, allege and incorporate by reference all allegations in all preceding paragraphs.

56. Defendants employed Plaintiff, Class Members, and each FLSA Plaintiff who opts-in to this action for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times his regular rate in violation of New York Labor Law.

57. By Defendants' failure to pay Plaintiff, Class Members, and each FLSA Plaintiff who opts-in to this action overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 146.

58. Plaintiff, Class Members, and each FLSA Plaintiff who opts-in to this action are entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**THIRD CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: WAGE STATEMENTS**

59. Plaintiff, Class Members and each FLSA Plaintiff who opts-in to this action, allege and incorporate by reference all allegations in all preceding paragraphs.

60. Defendants failed to furnish Plaintiff, Class Members, and each FLSA Plaintiff who opts-in to this action with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

61. Plaintiff, Class Members, and each FLSA Plaintiff who opts-in to this action are entitled to recover statutory damages from Defendants pursuant to New York Labor Law § 198.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: RETALIATION
## (On behalf of Plaintiff Quintanilla)

62. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

63. Pursuant to NYLL § 215, it is unlawful to "discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee" who has engaged in protected activity under the statute.

64. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

65. As also described above, after Plaintiff made his good faith complaint regarding Defendants' failure to pay him proper wages, Defendants retaliated by cutting his hours and ultimately terminating his employment.

66. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress and emotional pain and suffering, for which they are entitled to an award of monetary damages and other relief.

67. Additionally, Plaintiff is entitled to liquidated damages, as well as punitive damages for Defendants' malicious, willful, and wanton violations of the NYLL's anti-retaliation provision, and all other appropriate forms of relief, including attorneys' fees, costs of this action, and interest as permitted by law.

68. Along with the filing of this Complaint, Plaintiff served notice of the action upon the Office of the New York State Attorney General.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Issuing an order restraining Defendants from any further retaliation against Plaintiff, Class Members, and/or the FLSA Collective Action Plaintiffs for participation in any form in this litigation;

(ii) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iv) Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law § 198, liquidated damages and pre- and post-Judgment interest;

(v) Certification of this case as a collective action under 29 U.S.C. § 216(b);

(vi) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations;

(vii) Monetary damages as a result of Defendants retaliation;

(viii) Emotional distress damages from past, present and on-going emotional harm, mental anguish, embarrassment, and humiliation;

(ix) Punitive Damages as permitted by law;

(x) All attorneys' fees and costs incurred in prosecuting these claims; and

(xi) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
January 28, 2026

ROMERO LAW GROUP PLLC

***/s/ Matthew J. Farnworth***

By: ______________________

Matthew J. Farnworth, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
mfarnworth@romerolawny.com
*Attorneys for Plaintiff*

**CONSENT TO SUE**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, P. M. Restaurant Enterprises, Inc, and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq*. and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Romero Law Group to represent me in this case.

Alejandro Quintanilla

11/13/25

Date